OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas denying appellant's motion made pursuant to Crim.R. 57 and Civ.R. 60(B). For the following reasons, we affirm the decision of the trial court.
Appellant was convicted on February 13, 1997 of murder, with a firearm specification. On February 18, 1997, appellant appealed his conviction to this court. State v. Beckett, Lucas App. No. L-97-1073. While his direct appeal was pending, appellant filed a motion for new trial in the trial court. In the interests of judicial economy, we stayed the appeal pending the outcome of appellant's motion for a new trial. State v. Beckett
(Dec. 8, 1997), Lucas App. No. L-97-1073, unreported. On July 27, 1998, the trial court denied appellant's motion for new trial. On August 14, 1998, appellant appealed the trial court's denial of his motion for new trial. State v. Beckett, Lucas App. No. L-98-1272. In August 1998, we consolidated L-98-1272 and L-97-1073 for purposes of appeal.
Acting pro se, on August 21, 1998, appellant filed in the trial court "DEFENDANTS [sic] MOTION FOR RELIEF FROM JUDGEMENT," pursuant to Crim.R. 57(B) and Civ.R. 60(B)(2), (3), and (5). The trial court denied appellant's motion on September 25, 1998. This appeal followed, wherein appellant, pro se, raises the following assignments of error:
"FIRST ASSIGNMENT
 "TRIAL COURT WRONGFULLY DENIED APPELLANTS [sic] MOTION FOR RELIEF FROM JUDGEMENT BECAUSE THE COURT FAILED TO ADDRESS THE MERITS OF THE MOTION, VIOLATING APPELLANTS [sic] RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE 6th AND 14th AMENDMENTS.
"SECOND ASSIGNMENT
 "TRIAL COURT ABUSED ITS DISCRETION BY NOT REVIEWING THE RECORD FROM A LENGTHY TRIAL IN 1997, AND DENYING DEFENDANTS [sic] MOTION FOR RELIEF FROM JUDGEMENT, WHEN TRIAL JUDGE SHOULD HAVE RECUSE [sic] HERSELF FROM THE TRIAL UPON VERBAL MOTION BY DEFENSE COUNSEL, VIOLATING APPELLANTS [sic] RIGHTS TO EQUAL PROTECTION, DUE PROCESS, AND A FAIR TRIAL UNDER THE 6th AND 14th AMENDMENTS."
Appellant asserts on appeal that his Civ.R. 60(B) motion was appropriately filed because he had newly discovered evidence which was not available at the time he made his motion for new trial. Appellant also asserts that the trial court made certain errors, misconstrued certain facts, and displayed negative facial expressions, during trial and while deciding the motion for new trial. As such, appellant asserts that Judge Franks should have recused herself from those proceedings.
We are only concerned in this appeal with whether the trial court correctly denied appellant's Civ.R. 60(B) motion. The merits of appellant's arguments concerning his motion for new trial and his conviction are before this court in case numbers L-97-1073 and L-98-1272. Accordingly, we will not consider any arguments that do not relate specifically to the motion for relief from judgment.
Appellant argued that Civ.R. 60(B)(2), (3), and (5), provided the basis for his motion for relief from judgment. These sections are stated as follows:
 "(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment."
Besides numerous pages of argument concerning testimony previously presented, appellant's basis for his Civ.R. 60(B) motion rested solely on three affidavits, one of which was from appellant. Accordingly, despite appellant's assertions, his only possible basis for relief would have been pursuant to Civ.R. 60(B)(2) or (5).
In all three affidavits, each affiant basically attested that he heard Larry Hawkins state that two women who testified against appellant could not have possibly witnessed the murder because one was not standing on the corner on which she testified she was standing, and the other was inside Hawkins' house at the time of the gunshots. We find that the trial court was correct to disregard these hearsay statements.
Accordingly, without appellant's hearsay statements, we find that there was no basis to grant appellant relief from judgment. The trial court, therefore, correctly found that Civ.R. 60(B) was an inappropriate substitute for appeal.
Appellant's assignments of error are therefore found not well-taken. On consideration whereof, this court affirms the judgment of the Lucas County Court of Common Pleas. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
Richard W. Knepper, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.